Elsie W. RUDISILL and Coal, Feed and Lumber Company, Inc., Appellants,

v.

SOUTHERN RAILWAY COMPANY, Appellee.

No. 76–1552.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 9, 1976.

Decided Jan. 17, 1977.

James P. Erwin, Jr., Asheville, N. C. (McGuire, Wood, Erwin & Crow, Asheville, N. C., on brief), for appellants.

Robert F. Orr, Asheville, N. C. (Harold K. Bennett, Asheville, N. C., on brief), for appellee.

Before CLARK, Associate Justice,* FIELD, Senior Circuit Judge, and HALL, Circuit Judge.

PER CURIAM:

The only issue on this appeal is whether Southern Railway Company (Southern) is a citizen of North Carolina for the purposes of diversity jurisdiction under 28 U.S.C. § 1332(c).

The action was originally instituted in the Superior Court of Madison County, North Carolina, to recover damages for injury to the plaintiffs' property allegedly resulting from the derailment of a Southern freight train. Southern removed the case to the United States District Court for the West-

* Tom C. Clark, Associate Justice, United States Supreme Court, Ret., sitting by designation.

ern District of North Carolina pursuant to 28 U.S.C. § 1441, and thereafter the plaintiffs moved to remand upon the ground that Southern is a North Carolina corporation and therefore does not meet the diversity requirements.

Southern was originally incorporated in 1894 in the State of Virginia and has its principal place of business in that state. Shortly after its incorporation Southern purchased under a foreclosure sale all of the property and franchises of the Western North Carolina Railroad Company (Western), a North Carolina corporation. Sections 697 and 698 of Chapter 16 of the North Carolina Code of 1883, which were in effect at the time of the purchase, provided that the old corporation (Western) should *ipso facto* be dissolved, and that the purchaser should forthwith be a new corporation succeeding to all of the rights, privileges and duties of the former corporation. Southern took no affirmative steps to seek or file articles of incorporation in North Carolina until 1899. In that year the North Carolina General Assembly enacted Chapter 62, Public Acts of 1899, which required that any corporation desiring to own property or carry on business within the state "become a domestic corporation of the State of North Carolina" by filing a copy of its charter and by-laws with the secretary of state and taking certain other steps delineated in the statute. Southern filed the necessary documents with the secretary of state and otherwise complied with the statutory requirements.

In urging their motion to remand, the plaintiffs contended that Southern became a domestic corporation in North Carolina in 1899. Alternatively, they argued that since the derailment occurred on that portion of the line once owned and operated by Western, for the purposes of this particular action Southern is a domestic corporation of North Carolina by virtue of the statutory provisions of the Code of 1883. The district judge carefully reviewed the cases construing these venerable statutes and, relying primarily upon *Julian v. Central Trust Company,* 193 U.S. 93, 24 S.Ct. 399, 48 L.Ed.

629 (1904), and *Southern Railway Company v. Allison,* 190 U.S. 326, 23 S.Ct. 713, 47 L.Ed. 1078 (1903), concluded that neither the compulsory incorporation in 1899, nor the operation of the 1883 statutes defeated Southern's diversity status. Accordingly, he denied the motion to remand. We agree with the conclusions of the district judge and affirm upon his opinion. *Rudisill et al. v. Southern Railway Company,* 424 F.Supp. 1102 (W.D.N.C., 1976).

*AFFIRMED.*