836 F.2d 1343
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kathy WHITE, Plaintiff-Appellant,
v.
AMMAR'S, INC., d/b/a Magic Mart, a Virginia corporation
authorized to do business in the State of West
Virginia as such, Defendant-Appellee.
 No. 87-3064.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 4, 1987.
Decided Jan. 7, 1988.
 
 Richard Engram, Jr., for appellant.
 J. Peter Richardson (Richardson, Kemper, Hancock & Davis on brief) for appellees.
 Before SPROUSE and WILKINSON, Circuit Judges, and BOYLE, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Kathy White appeals from an order of the District Court dismissing her complaint for want of subject matter jurisdiction. Because appellant has not demonstrated an adequate basis for diversity or federal question jurisdiction, we affirm the district court's dismissal of the complaint.
 
 
 2
 White was employed by Ammar's as a cashier for about 17 months before she was discharged in September of 1983. White claims she was discharged for dating a co-worker. Company policy forbid such dating. As a result of the discharge, White filed a complaint in the United States District Court in 1985 alleging violations of her contractual and constitutional rights. Subject matter jurisdiction is premised on diversity of citizenship and federal question grounds.
 
 
 3
 White is a citizen of the State of West Virginia. Ammar's is incorporated in the State of West Virginia. White argues that Ammar's was originally incorporated in the State of Virginia and that the later reorganization and incorporation in West Virginia is immaterial for the purposes of determining citizenship. In support of this contention, White cites Rudisill v. Southern Railway, 424 F.Supp. 1102 (W.D.N.C.1976), aff'd 548 F.2d 488 (4th Cir.1977). The Rudisill court held that there was diversity of citizenship even though the Southern Railway was incorporated in the same state as the claimant. This holding, however, was based on the fact that the railroad was forced, under North Carolina law, to incorporate against its will. In summary, the Rudisill court held that some involuntary incorporations will not affect diversity of citizenship principles in the federal courts.
 
 
 4
 In the present case, Ammar's voluntarily incorporated in West Virginia. Under 28 U.S.C. Sec. 1332, a corporation is a resident of the state of its incorporation. There is no diversity of citizenship between White and Ammar's.
 
 
 5
 White also claims federal question jurisdiction. Ammar's is a private business, not a state or federal actor. White has no First Amendment claim against this private party for free speech. White's civil rights and equal protection claims are baseless and conclusory, without any factual predicate that would support federal question jurisdiction and these must fail. In summary, we agree with the reasoning of the district court that no claim giving rise to subject matter jurisdiction in the federal courts has been presented by the plaintiff.
 
 
 6
 Because there is no subject matter jurisdiction, White's additional claims regarding pendant jurisdiction were properly dismissed.
 
 
 7
 AFFIRMED.